## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | ) |
| Plaintiff, | ) ) ) Case No._____ |
| v. | ) ) |
| U.S. FISH AND WILDLIFE SERVICE; MARTHA WILLIAMS, in her official capacity as Director of the U.S. Fish and Wildlife Service; and DEB HAALAND, in her official capacity as Secretary of the U.S. Department of the Interior, | ) **COMPLAINT FOR DECLARATORY** ) **AND INJUNCTIVE RELIEF** ) ) ) ) ) ) |
| Defendants. | ) ) ) |

## INTRODUCTION

1. Plaintiff Center for Biological Diversity ("Center") brings this case challenging the U.S. Fish and Wildlife Service's ("Service") failure to determine whether the dunes sagebrush lizard (*Sceloporus arenicolus*) warrants protection as endangered or threatened, in violation of the Endangered Species Act's ("ESA" or "Act") nondiscretionary, congressionally mandated deadlines. 16 U.S.C. § 1533(b)(3). The agency's failure delays crucial, lifesaving protections for this imperiled lizard, increasing its risk of extinction.

2. The dunes sagebrush lizard is a small, diurnal lizard restricted to shinnery oak sand dunes habitats in New Mexico and Texas. It is a narrow habitat specialist and has the second smallest range of any lizard species endemic to North America. Widespread oil and gas development has fragmented and destroyed significant portions of the dunes sagebrush lizard's habitat. The habitat destruction caused by oil and gas development, as well as sand mining and land conversion to agriculture, threatens the dunes sagebrush lizard with extinction.

3. Accordingly, in May 2018, the Center submitted a petition to the Service to extend the substantive protections of the ESA to the dunes sagebrush lizard by listing this species

as "endangered" or "threatened." Defendants published a positive 90-day finding for the lizard in July 2020 but, to date, have not published the mandated 12-month finding. Defendants' failure to comply with their nondiscretionary duty to issue the 12-month finding under the ESA deprives this lizard of the statutory protections that are necessary for its survival and recovery.

4.    The Center brings this lawsuit for declaratory and injunctive relief, seeking an Order declaring that the Service is in violation of the ESA by failing to make a required 12-month finding on the Center's petition to list the dunes sagebrush lizard and directing the Service to publish its overdue 12-month listing determination by a date certain.

## JURISDICTION

5.    This Court has jurisdiction over this action pursuant to 16 U.S.C. § 1540(c), (g) (ESA citizen suit provision) and 28 U.S.C. § 1331 (federal question). This Court has authority to issue declaratory and injunctive relief pursuant to the ESA, 16 U.S.C. § 1540(g); Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202; and Administrative Procedure Act, 5 U.S.C. § 706(2).

6.    Plaintiff provided Defendants with 60-days' notice of the ESA violation, as required by 16 U.S.C. § 1540(g)(2)(A), by a letter to the Service dated November 17, 2021 (received November 22, 2021). Defendants have not remedied the violations set out in the notice and an actual controversy exits between the parties within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201.

7.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because Defendants reside in this judicial district and a substantial part of the violations of law by Defendants occurred in this district.

## PARTIES

8.    Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization that works through science, law, and policy to protect imperiled wildlife and their habitat. The Center is incorporated in California and headquartered in Tucson, Arizona, with offices throughout the United States, including in Washington, D.C. The Center has more than 81,000 active members throughout the country, including approximately 1,573

members in New Mexico and 2,977 in Texas, where the historic and remaining habitats of the dunes sagebrush lizard are found.

9. The Center and its members have deep and long-standing interests in the preservation and recovery of imperiled species, including the dunes sagebrush lizard and its habitat, and in the full and effective implementation of the ESA. The Center's members include individuals with scientific, professional, educational, recreational, aesthetic, moral, and spiritual interests in the dunes sagebrush lizard and who use its habitat for a broad range of reasons. Plaintiff's interests in protecting and recovering the species and its habitat are directly harmed by the Service's failure to issue timely findings on the petition to list this lizard.

10. The Center's members include individuals who regularly visit areas that are occupied or were formerly occupied by the dunes sagebrush lizard and seek to observe or study this lizard in its natural habitat. Plaintiff's members derive recreational, spiritual, professional, scientific, educational, and aesthetic benefit from these activities, and intend to continue to use and enjoy these areas in the future.

11. For example, Center member Scott Trageser, conservation biologist, consultant, and professional wildlife photographer, has taken at least four trips to dunes sagebrush lizard habitat, including near Hobbs, New Mexico and the Monahan Dunes of Texas, in an effort to observe and photograph the dunes sagebrush lizard. He has concrete plans to visit West Texas again in August of 2022 to search for the lizard. Viewing the dunes sagebrush lizard in the wild has become more difficult because of oil and gas development and frack-sand mining in West Texas, which may prevent Mr. Trageser from ever getting the chance to see this lizard in the wild or to engage in further scientific, educational, recreational, and professional efforts regarding the dunes sagebrush lizard, harming his interests in the species.

12. Defendants' violation of the ESA's nondiscretionary mandatory deadlines has delayed the ESA's protections for the dunes sagebrush lizard, harming Center's members' interests in the species. These injuries are actual, concrete injuries that are presently suffered by the Center's members, are directly caused by Defendants' acts and omissions, and will continue

unless the Court grants relief. The relief sought would redress these injuries. The Center and its members have no other adequate remedy at law.

13. Defendant U.S. FISH AND WILDLIFE SERVICE is the agency within the Department of the Interior charged with implementing the ESA for the species at issue in this suit. The Secretary of the Interior has delegated administration of the ESA to the Service. 50 C.F.R. § 402.01(b).

14. Defendant MARTHA WILLIAMS is the Director of the Service and is charged with ensuring that agency decisions comply with the ESA. Defendant Williams is sued in her official capacity.

15. Defendant DEB HAALAND is the Secretary of the U.S. Department of the Interior and has the ultimate responsibility to administer and implement the provisions of the ESA. Defendant Haaland is sued in her official capacity.

## STATUTORY FRAMEWORK

**The Endangered Species Act**

16. The Endangered Species Act, 16 U.S.C. §§ 1531–1544, is "the most comprehensive legislation for the preservation of endangered species ever enacted by any nation." *TVA v. Hill*, 437 U.S. 153, 180 (1978). Its fundamental purposes are "to provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved [and] to provide a program for the conservation of such endangered species and threatened species." 16 U.S.C. § 1531(b).

17. The ESA has a suite of substantive and procedural legal protections that apply to species once they are listed as endangered or threatened. *Id.* § 1532(16) (defining "species"). For example, section 4(a)(3) of the Act requires the Service to designate "critical habitat" for each endangered and threatened species. *Id.* § 1533(a)(3).

18. In addition, ESA section 7(a)(2) requires all federal agencies to ensure that their actions do not "jeopardize the continued existence" of any endangered or threatened species or

"result in the destruction or adverse modification" of any listed species' critical habitat. *Id.* § 1536(a)(2).

19. ESA section 9 prohibits, among other actions, "any person" from causing the "take" of any protected fish or wildlife without lawful authorization from the Service. *Id.* §§ 1538(a)(1)(B), 1539; see also *id.* § 1532(19) (defining "take"). Other provisions require the Service to "develop and implement" recovery plans for listed species, *id.* § 1533(f); authorize the Service to acquire land for the protection of listed species, *id.* § 1534; and authorize the Service to make federal funds available to states to assist in the conservation of endangered and threatened species, *id.* § 1535(d).

20. The ESA defines a "species" as "any subspecies of fish or wildlife or plants, and any distinct population segment of any species of vertebrate fish or wildlife which interbreeds when mature." *Id.* § 1532(16). A "distinct population segment" of a species is also known as a "DPS." When considering whether a population segment qualifies as a DPS under the Act, Service policy requires the agency to determine whether the population is "discrete" and "significant." If the Service determines that a population segment is both discrete and significant, then the population qualifies as a DPS and meets the ESA's definition of a "species" that may be classified as threatened or endangered.

21. A species is "endangered" when it "is in danger of extinction throughout all or a significant portion of its range." *Id.* § 1532(6). A species is "threatened" when it is "likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." *Id.* § 1532(20).

22. The ESA requires the Service to determine whether any species is endangered or threatened because of any of the following factors: (A) the present or threatened destruction, modification, or curtailment of its habitat or range; (B) overutilization for commercial, recreational, scientific, or educational purposes; (C) disease or predation; (D) the inadequacy of existing regulatory mechanisms; or (E) other natural or manmade factors affecting its continued existence. *Id.* § 1533(a)(1).

23. To ensure the timely protection of species at risk of extinction, Congress set forth a detailed process whereby citizens may petition the Service to list a species as endangered or threatened. In response, the Service must publish a series of three decisions according to statutory deadlines. First, within 90 days of receipt of a listing petition, the Service must, "to the maximum extent practicable," publish an initial finding as to whether the petition, "presents substantial scientific or commercial information indicating that the petitioned action may be warranted." *Id.* § 1533(b)(3)(A). This is known as the "90-day finding." If the Service finds in the 90-day finding that the petition does not present substantial information indicating that listing may be warranted, the petition is rejected and the process concludes.

24. If, as in this case, the Service determines that a petition does present substantial information indicating that listing "may be warranted," the agency must publish that finding and proceed with a scientific review of the species' status, known as a "status review." *Id.*

25. Upon completing the status review, and within 12 months of receiving the petition, the Service must publish a "12-month finding" with one of three listing determinations: (1) listing is "warranted"; (2) listing is "not warranted"; or (3) listing is "warranted but precluded" by other proposals for listing species, provided certain circumstances are met. *Id.* § 1533(b)(3)(B).

26. If the Service determines that listing is "warranted," the agency must publish that finding in the Federal Register along with the text of a proposed regulation to list the species as endangered or threatened and take public comments on the proposed listing rule. *Id.* § 1533(b)(3)(B)(ii).

27. Within one year of publication of the proposed listing rule, the Service must publish in the Federal Register the final rule implementing its determination to list the species. *Id.* § 1533(b)(6)(A). This is known as a "final listing rule."

## FACTUAL BACKGROUND

**Dunes Sagebrush Lizard**

28. The dunes sagebrush lizard is a small, diurnal lizard, meaning it is active during the daytime. It has the second smallest range of any lizard species endemic to North America. It is a narrow-ranging habitat specialist that only lives in the shinnery oak sand dunes habitat in the Mescalero Sandhills of southeast New Mexico and the Monahans Sandhills of west Texas. The shinnery sands are a dynamic ecosystem created and maintained by windblown sand that is stabilized by shinnery oaks.

29. A significant amount of the lizard's shinnery oak habitat has been fragmented, isolated, or destroyed, primarily due to widespread oil and gas development, and the lizard has disappeared from as much as 86% of previously occupied sites. An estimated 35% of the lizard's remaining habitat has been compromised by petroleum well densities across the species' range; further losses are expected, especially in Texas, where existing regulatory mechanisms are inadequate to protect the species.

30. The dunes sagebrush lizard is also threatened by increased sand mining in its Texas habitat. For example, in just one year, over 1,000 acres of the lizard's core habitat and buffer zones were lost to new mines for sand mining. Even when sand mining operations are located outside of the lizard's occupied habitat, the operations may still negatively impact the species because they remove the sand needed to maintain existing habitat or create new habitat that the species may colonize in the future.

31. The dunes sagebrush lizard's habitat has declined, is fragmented, and is immediately threatened by oil and gas development, sand mining for fracture drilling operations, and exposure to herbicides and livestock grazing from the conversion of shinnery oak habitat to agriculture. Other threats to this lizard include impacts from climate change, contaminants, and invasive species.

**Listing Petition and Response**

32. The Center first petitioned the Service to list the dunes sagebrush lizard 20 years ago. The lizard was on the candidate list for listing since 1982. A candidate species is one that qualifies for protection as an endangered or threatened species, yet it receives no protection while it waits. In 2010, the Service proposed to list the lizard as endangered, but it then declined in 2012 after approving a habitat conservation plan that was later withdrawn and does not exist anymore.

33. On May 8, 2018, the Center re-petitioned the Service to list the dunes sagebrush lizard as threatened or endangered under the ESA.

34. On July 16, 2020, the Service issued a positive 90-day finding that the petition to list the dunes sagebrush lizard presented, "substantial scientific or commercial information indicating that listing the dunes sagebrush lizard may be warranted." 85 Fed. Reg. 43,203 (July 16, 2020). Specifically, the Service agreed with the Center's petition that "[o]il and gas development and operations, and sand mining…and climate change" are threatening the species. *Id.* at 43,204.

35. Although Defendants issued a 90-day finding, they had a mandatory duty to publish their 12-month finding for the dunes sagebrush lizard by May 8, 2019. Until Defendants publish the legally required 12-month listing determination and final listing rules, the dunes sagebrush lizard will continue to lack necessary protections under the Act.

## CLAIMS FOR RELIEF

**Violation of the ESA for Failure to Publish a Timely 12-Month Listing Determination for the Dunes Sagebrush Lizard**

36. Plaintiff re-alleges and incorporates all allegations set forth in the preceding paragraphs.

37. If, as in this case, the Service finds that listing may be warranted, the ESA requires the Service to publish a "12-month finding" with a listing determination within one year of receiving a listing petition. Defendants failed to perform their nondiscretionary duty to publish

a timely 12-month listing determination on the petition to list the dunes sagebrush lizard as endangered or threatened, in violation of the ESA. 16 U.S.C. § 1533(b)(3)(B).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment providing the following relief:

1. Declare that Defendants have violated the ESA by failing to issue a timely 12-month listing determinations in response to the petition to list the dunes sagebrush lizard;

2. Provide injunctive relief compelling Defendants to publish in the Federal Register 12-month listing determinations on the petition to list the dunes sagebrush lizard by a date certain;

3. Retain continuing jurisdiction to review Defendants' compliance with all judgments and orders herein;

4. Grant Plaintiff its reasonable attorneys' fees and costs as provided by the ESA, 16 U.S.C. § 1540(g)(4); and

5. Provide such other relief as the Court deems just and proper.

Respectfully submitted and dated this 19th day of May, 2022.

*/s/ Douglas W. Wolf*
Douglas W. Wolf (NM Bar No. 7473)
3191 La Avenida de New Mexico
Santa Fe, NM 20194
Phone: 703-994-1309
dwwolf@aol.com

*/s/ Camila Cossío*
Camila Cossio (OR Bar No. 191504)
*(Association of Attorney Licensed Outside the District forthcoming)*
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211

9

Phone: 971-717-6427
ccossio@biologicaldiversity.org

*/s/ Brian Segee*
Brian Segee (Cal. Bar No. 200795)
(*Association of Attorney Licensed Outside the District forthcoming*)
Center for Biological Diversity
660 S. Figueroa Street, Suite 1000
Los Angeles, CA 90017
Phone: 805-750-8852
bsegee@biologicaldiversity.org

*Attorneys for Plaintiff*